# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KEITH L. JONES,**

      **Petitioner,**

v.

**NORM ROBINSON, WARDEN,**

      **Respondent.**

**CASE NO. 2:12-CV-177**
**JUDGE EDMUND A. SARGUS, JR.**
**MAGISTRATE JUDGE ELIZABETH P. DEAVERS**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's *Motion to Dismiss* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (Doc. 5), be **GRANTED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Jones was indicted on April 25, 2005 for three counts of identity fraud, two counts of forgery and two counts of theft. He was arraigned before a magistrate two days later and counsel was appointed to represent him. Discovery was pursued and a pretrial was held on the case on June 1, 2005. The case was scheduled for trial on June 14, 2005.
>
> The trial date was reassigned to July 11, 2005, via an entry signed by Jones. The entry included a waiver of speedy trial rights for the period of the continuance.
>
> The case was continued from July 11, to September 7, 2005. Again, Jones signed the entry and waived his speedy trial rights.
>
> Nine days later, private counsel entered an appearance.

The trial date of September 7, 2005 was also continued to November 3, 2005. Jones was present and once again signed the continuance entry, complete with its waiver of speedy trial rights.

On September 7, 2005, a reporting recognizance bond was set for Jones at the request of the State of Ohio. The trial court judge assigned to the case was reluctant to approve the new bond.

After being released on his own recognizance, Jones did not appear for his November 3, 2005 trial date. His recognizance bond was revoked and a warrant issued for his arrest.

Jones was arrested again on January 10, 2007, over one year later. His case was ordered to be reactivated.

Jones wrote a motion which he filed in the trial court in which he stated that about one month after he failed to appear for trial on the Ohio charges, he was sent to federal prison for 23 months as a parole violator. He asked for his recognizance bond to be reinstated and for counsel to be appointed to represent him.

Jones's Ohio charges were set for trial for February 8, 2007, but the date was initially reassigned because the judge was in trial. Then, apparently, a plea agreement was reached. As a part of the agreement, a pre-sentence investigation was ordered and Jones was released on a recognizance bond once again, as recommended by the State of Ohio. A sentencing date of July 18, 2007 was set and then moved to July 25, 2007.

Jones did not appear for his sentencing.

On September 14, 2007, counsel for the State of Ohio sent a letter to Hamilton County, Ohio, asking that a detainer be placed on Jones, who had been arrested in Cincinnati. Jones was sent to prison again as a result of his Cincinnati arrest and attempts were made to retrieve him from the correctional reception center.

A letter in the file indicates that Jones testified for the State of Ohio in a death penalty jury trial in October 2007. The prosecuting attorney's office in Hamilton County requested leniency for Jones as a result.

In July 2008, Jones filed his first motion requesting that his felony

> charges, to which he had already pled guilty 17 months earlier, be dismissed "pursuant to R.C. 2941.401."
>
> On December 10, 2009, Jones was finally sentenced to five years of community control on the Franklin County charges. After he was sentenced, he was returned to custody in Cincinnati, Ohio. He apparently never saw his probation officer for over one year after getting out of jail. He also committed new crimes in Cincinnati. He was declared an absconder from probation in March 2010.
>
> At his probation revocation hearing, he stipulated to violating the terms of his probation. He had never pursued a direct appeal of his convictions and sentence imposed in December 2009.

*State v. Jones*, No. 11AP-498, 2012 WL 457680, at *2-3 (Ohio App. 10th Dist. Feb. 14, 2012). On May 5, 2011, the trial court revoked Petitioner's community control and sentenced him to an aggregate term of ten years incarceration. *Exhibit 14 to Motion to Dismiss*. Petitioner filed a timely appeal. He raised the following sole ground for relief:

> THE APPELLANT'S PRO SE MOTION TO DISMISS PURSUANT TO SECTIONS 2941.401 AND 2963.30 SHOULD HAVE BEEN GRANTED BY THE TRIAL COURT BECAUSE MORE THAN 180 DAYS HAD ELAPSED BETWEEN THE TIME THE DEMAND WAS MADE FOR A SPEEDY TRIAL AND THE TIME THE APPELLANT ENTERED HIS GUILTY PLEA.

*State v. Jones*, 2012 WL 457680, at *3. In a supplemental brief, Petitioner additionally asserted he was denied effective assistance of counsel and that the trial judge was biased. *Exhibit 21 to Motion to Dismiss*. On February 14, 2012, the appellate court affirmed the trial court's judgment. *Id*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibits 24, 25 to Motion to Dismiss.* That action apparently remains pending.

Petitioner additionally pursued post conviction relief. *See Exhibit 27 to Motion to Dismiss*. The trial court denied this motion, and Petitioner filed a timely appeal. *Exhibits 29, 31, 32 to Motion to Dismiss*. That action apparently remains pending in the Ohio Court of Appeals.

3

On December 9, 2011, Petitioner filed an action under 42 U.S.C. § 1983, entitled "Motion for Injunctive Relief," asserting that his rights under the Interstate Agreement on Detainers ("IAD"), had been violated. *Exhibit 37 to Motion to Dismiss*. The Court construed his motion under 28 U.S.C. § 2254, and on January 10, 2012, dismissed the action. *Exhibit 28 to Motion to Dismiss; Jones v. Robinson,* Case No. 11-CV-01104 (S.D. Ohio, Eastern Division).

On February 27, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He appears to be challenging the May 5, 2011, revocation of his community control and imposition of ten years imprisonment based on what he contends were his prior improper convictions and sentence on identity fraud. Petitioner asserts his convictions violated the IAD and his right to a speedy trial, that he was denied effective assistance of counsel, and that the trial judge was prejudiced by a conflict of interest.

Respondent contends that this action constitutes a successive petition and alternatively, it is the position of the Respondent that this action must be dismissed as unexhausted.

## SUCCESSIVE PETITIONS

Respondent contends that this action must be transferred to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition, because Petitioner previously has filed an action construed under 28 U.S.C. § 2254 challenging his convictions under the IAD.

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not

have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)( per curia ). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

The Court notes, however, that Petitioner did not identify his prior federal habeas corpus petition as an action under 28 U.S.C. § 2254. Moreover, it does not appear that the Court warned the Petitioner that any future claims would be barred under the AEDPA's restriction on the filing of successive petitions. *See Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 826-27 (E.D. Mich. June 30, 2004)(citing *Castro v. United States*, 540 U.S. 375 (2003)(where a federal district court recharacterizes a criminal defendant's motion as a first motion under 28 U.S.C. § 2254, it must notify the defendant and warn him that any subsequent motion under 2254 will be subject to the AEDPA's restrictions on the filing of successive petitions, providing the defendant with the opportunity to either withdraw the motion or amend it to contain all of the claims the movant wishes to raise)). This Court, therefore, will not consider the instant Petition as a second or successive petition for a writ of habeas corpus for purposes of § 2244(b)(3)(A). *Id.* at 827.

Nonetheless, the record reflects Petitioner's habeas corpus petition plainly is time-barred.[1]

---

[1] Respondent contends that this action is timely on the basis that Petitioner is challenging his May 5, 2001, revocation of probation. *Return of Writ*, at 10. Upon review of the habeas corpus petition, however, this Court does not agree. Petitioner explicitly challenges the validity

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner challenges his December 10, 2009, convictions and sentence made pursuant to the terms of his negotiated guilty plea. Because he did not file a timely appeal, his convictions became final on January 8, 2011, thirty days after his judgment of sentence, when the time period expired

---

of his December 2010 guilty plea, based on expiration of his speedy trial rights, violation of the IAD, and ineffective assistance of counsel. *See Petition*.

to file a timely appeal. *See Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazarof,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on January 8, 2012. The time period during which Petitioner's prior federal habeas corpus petition remained pending did not toll the running of the statute of limitations. *Morris v. Warden, Southern Ohio Corr. Facility*, No. 10-CV-00542, 2010 WL 5644659, at *2 (citing *Duncan v. Walker,* 533 U.S. 167, 181-82 (2001)). Petitioner waited until February 22, 2012 to initiate this case and file this habeas corpus petition. Further, he has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (Doc. 5) be **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                             s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge

Date:  September 17, 2012